## Hill v. Staverosky

*John McDowell Sharpe, Jr.*, for defendant.

MACPHAIL, P. J., July 12, 1967.—This is another of a myriad of taxpayers' suits originating in the Southern Fulton School District of Fulton County. As in previous cases which have been before us, plaintiffs have signed their pleadings personally and appear to be proceeding in propria persona. While we would normally be very lenient in the construction and interpretation of the pleadings if the litigants were, in fact, proceeding in propria persona, it is our opinion from the technical information contained in the complaint that the litigants are being advised by someone who neither signs the pleadings nor appears in court. The late Judge Sheely came to a similar conclusion in Southern Fulton School District v. Cam McCray,

8 Adams 42 (1966). This situation makes it extremely difficult for the court to resolve the issues presented by the pleadings. We do not have the benefit of oral argument from the taxpayers (because they always dutifully appear and "waive their right to oral argument") and the briefs submitted are nothing more than a repetition of what appears in the complaint. Under such circumstances, the court is called upon to sift out for itself the true meaning of plaintiffs' pleadings, which we feel is not fair to the court nor to the litigants.

The case at hand is a good example of the confusion which has been created by the complaint which is vague and ambiguous on the essential issues, but extremely detailed and technical in allegations which have absolutely nothing to do with an action of replevin with bond. From what is before us, we gather (but it is far from clear in the complaint) that defendant, A. D. Staverosky, acting as a tax collector for Southern Fulton School District, distrained upon certain personal property allegedly belonging to plaintiffs for nonpayment of school taxes. Thereupon, plaintiffs instituted this action of replevin with bond for the return of the personal property.

Defendants filed preliminary objections in the nature of a demurrer and a motion for more specific complaint. The demurrer is based upon the provisions of the Act of April 3, 1779, 1 Sm. L. 470, sec. 2, 12 PS §1845, which prohibits the use of the action of replevin when goods are seized by distress by any collector of public taxes. The motion for a more specific complaint relates only to plaintiffs' general demand for damages in the sum of $3,000 for "special damages for expenses and losses incurred as a result thereof" and "unliquidated damages in excess of $5,000".

There are 37 allegations in the complaint, and 17 of them relate to the legality of the occupation tax levied

by the Southern Fulton School District. The legality of the occupation tax as applied to these plaintiffs cannot be raised in this proceeding. Equity is the proper remedy for attacking an invalid tax: Brandt v. Conewago Township School District, 34 D. & C. 2d 146 (1964). It is the illegal taking of the property and the illegal detention thereof that is at issue in replevin action: 10 Standard Pa. Practice., Replevin, 450, §30. If either of defendants, or both of them, took plaintiffs' property illegally or detained it illegally, the action will lie; otherwise, it will not.

Replevin will not lie for goods seized for the non-payment of a tax: 10 Standard Pa. Prac., Replevin, 462, §47. This is by virtue of the statute enacted April 3, 1779, supra. The only exception to this rule is where the officer who distrained the goods was not legally appointed. Plaintiffs alleged in their complaint that defendant, Staverosky, has not filed a bond, as required by section 686 of the Public School Code of March 10, 1949, P. L. 30, as amended July 31, 1963, P. L. 389, sec. 9, 24 PS §6-686, and we assume from this allegation that we are to infer that Staverosky was not legally appointed. In the first place, the provisions of the Public School Code cited by plaintiffs relates to "delinquent tax collectors". From the complaint itself, we are unable to ascertain that Staverosky was a tax collector of any kind. However, in exhibits A and B, attached to plaintiffs' complaint and incorporated as a part thereof, he is designated simply as "tax collector". Under these circumstances, we cannot apply the provisions relating to "delinquent tax collectors". In the second place, and more importantly, whether or not Staverosky filed a bond is immaterial to his *appointment*. If he was legally "appointed", his action would not be fatally defective in this case by reason of his failure to file a bond.

Plaintiffs cite the case of Shoemaker v. Swiler, 2 Pearson 114 (1871), in their brief. That case specifically holds that a tax collector has no authority to issue a warrant to a constable for the collection of taxes. That issue is certainly not factually present here and the holding of the case is irrelevant.

For the reasons stated above, we must sustain defendants' demurrer. This does not leave plaintiffs without remedy. For example, the complaint states that the property distrained is the property of both plaintiffs, while the tax apparently was assessed against only one of the plaintiffs. If these facts are true, a property claim will properly raise that issue. If the tax collector acted improperly or failed to give notice of sale, if that was required, the tax collector can be enjoined from proceeding with execution. Similarly, if a distraint proceeding is not available to the school district for the collection of the occupation tax, a bill in equity will determine that issue. Our narrow holding here is that, from the allegations in plaintiffs' complaint, it appears that the personal property replevied was, at the time of the replevin action, distrained by a tax collector for the nonpayment of taxes and the action therefore was unavailable.

Defendants have raised their defense under the Act of 1779 by preliminary objections rather than a motion to quash. It has been held under recent amendments to the Pennsylvania Rules of Civil Procedure that the proper procedure to raise the defense is by preliminary objection: Ward Industries Corp. v. Bizzy Bee Cleaners, Inc., 36 D. & C. 2d 370 (1965), 6 Adams 191.

With respect to the motion for a more specific complaint, it is stated in Pa. R. C. P. 1071 that, except as otherwise provided, the procedure in actions of replevin shall conform with rules relating to the action of assumpsit. Rule 1019 states that items of special

damage shall be specifically stated. While, in view of our ruling on the demurrer, it is unnecessary for us to do so, we do hold that the motion for a more specific complaint must also be sustained, since paragraph 37 of the complaint claims special damages but does not specifically state such damages, as required by Rule 1019.

It may be possible that plaintiffs can remedy the defects in their complaint by an amended pleading. In view of the importance of the case, we believe they should be given the opportunity to do so.

And now, July 12, 1967, for the reasons stated, defendants' preliminary objections are sustained. Plaintiffs may file an amended complaint within 20 days of the date of this order. If no amended complaint is filed within that time, the case shall be dismissed at the cost of plaintiffs, and the prothonotary is directed to note an appropriate entry to that effect on the docket at that time. An exception is noted for plaintiffs.